[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 23, 2007
THOMAS K. KAHN
CLERK

No. 06-13856
Non-Argument Calendar
_____

D. C. Docket No. 05-00183-CV-RLV-4

FLOYD D. MANNING,

Plaintiff-Appellee,

versus

STEVE WILSON,
Sheriff, Walker County, Georgia,
in his Official and Individual Capacity, et al.,

Defendants,

RON CLARK,
Deputy Sheriff, Walker County, Georgia,
in his Official and Individual Capacity,
PAMELA S. PANGLE,
Parole Officer, State Board of Pardons and
Paroles, Walker County, Georgia, in her Official
and Individal Capacity,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

**(February 23, 2007)**

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Ron Clark and Pamela Pangle appeal from an adverse summary judgment denying them qualified immunity from Floyd Manning's claim under 42 U.S.C. § 1983 that Clark and Pangle violated his Fourth and Fourteenth Amendment right to be free from unreasonable searches and seizures. In our de novo review of the district court's ruling, we first resolve all issues of material fact in favor of the plaintiff, and then proceed to the legal question of whether the defendant is entitled to qualified immunity under his version of the facts. Lee v. Ferraro, 284 F.3d 1188, 1190 (11th Cir. 2002). Under Manning's version of the relevant facts, Clark and Pangle "jimmied" the front lock of his house and searched the premises without a warrant, and in the absence of any exigent circumstances. If proven at trial, these facts would compel the conclusion that Clark and Pangle, acting in a discretionary capacity, committed a "clearly established" constitutional violation, Crosby v. Monroe County, 394 F.3d 1328, 1332 (11th Cir. 2004). Therefore, they are not entitled to qualified immunity and the judgment of the district court is

**AFFIRMED.**